**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000870**
**21-JAN-2016**
**08:52 AM**

NO. CAAP-12-0000870

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ASSOCIATION OF CONDOMINIUM HOMEOWNERS OF
TROPICS AT WAIKELE, by its Board of Directors,
Plaintiff-Appellee, v. PATSY NAOMI SAKUMA,
Defendant-Appellant, and FIRST HAWAIIAN BANK,
a Hawaii corporation; WAIKELE COMMUNITY ASSOCIATION,
a Hawaii nonprofit corporation, Defendants-Appellees,
and JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-10;
DOE ENTITIES 1-5; and DOE GOVERNMENTAL UNITS 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1487)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Patsy Naomi Sakuma (**Sakuma**) appeals pro se from the Circuit Court of the First Circuit's (**Circuit Court's**) May 29, 2012: (1) Order Granting Plaintiff Association of Condominium Homeowners of Tropics at Waikele's Motion for Confirmation of Sale by Commissioner, Allowance of Costs, Expenses, Commissions and Fees, Directing Conveyance and Distribution of Proceeds, for Writ of Possession and Disposal of Personal Property Filed on February 1, 2012 (**Order Confirming Sale**); (2) Judgment for Possession (**Judgment**); and (3) Writ of Possession.[1] The Order Confirming Sale and Judgment confirmed the sale by commissioner of a property located on Maiau Street in

---

[1] The Honorable Bert I. Ayabe presided.

Waipahu, Hawai'i (the **Property**). Sakuma is challenging the denial of her June 7, 2012 Motion for Reconsideration of the May 29, 2012 Order Confirming Sale, which is set forth in the Circuit Court's November 30, 2015 Order Denying Defendant Patsy N. Sakuma's Motion for Reconsideration of the May 29, 2012 Order Confirming Sale.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Sakuma's appeal is moot.

"'[M]ootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law.'" State v. Nakanelua, 134 Hawai'i 489, 501, 345 P.3d 155, 167 (2015) (quoting Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 4-5, 193 P.3d 839, 842-43 (2008)).

Thus, before reaching Sakuma's points of error, we address whether the mootness doctrine applies to the instant case.

> The general rule is that the right of a good faith purchaser "to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a [supersedeas] bond has not been filed[.]" Leisure Campground & Country Club Ltd. Partnership v. Leisure Estates, 280 Md. 220, 223, 372 A.2d 595, 598 (1977). See also Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 336 (5th Cir. 1981). The purpose of the rule is to advance "the stability and productiveness of judicial sales [.]" 47 Am.Jur.2d Judicial Sales § 55 (1969). An exception to the rule is where the reversal is based on jurisdictional grounds. Id. at § 54. The second exception is where the purchaser is the mortgagee since he "does not free himself from the underlying dispute to which he is a party [.]" Leisure Campground, 280 Md. at 223, 372 A.2d at 598. See also 47 Am.Jur.2d Judicial Sales §§ 59-61.

City Bank v. Saje Ventures II, 7 Haw. App. 130, 133, 748 P.2d 812, 814 (1988). See also Lathrop v. Sakatani, 111 Hawai'i 307, 313, 141 P.3d 480, 486 (2006) ("[T]he sale of the property prevents the appellate court from granting any effective relief."). "Moreover, 'it is appellant's burden to seek a stay if post-appeal transactions could render the appeal moot.'" Id.

The record on appeal includes the Distribution Statement and Account of Commissioner; Exhibit "A" (**Distribution Statement**) and Certificate of Service, filed on July 2, 2012. The Distribution Statement confirms that the sale of the Property was closed, through Title Guaranty Escrow Services, Inc., on July 2, 2012.  Sakuma failed to obtain a stay of the sale transaction, the completed sale of the Property rendered this appeal moot, and, upon review, no exceptions to the mootness doctrine apply. Lathrop, 111 Hawai'i 313-15, 141 P.3d 486-88.

Accordingly, we dismiss Sakuma's appeal as moot.

DATED: Honolulu, Hawai'i, January 21, 2016.

On the briefs:

Pat N. Sakuma
Defendant-Appellant Pro Se

R. Laree McGuire
Jamila E. Jarmon
(Porter McGuire Kiakona &
 Chow, LLP)
for Plaintiff-Appellee

Jonathan W.Y. Lai
Tracey L. Ohta
(Watanabe Ing LLP)
for Defendant-Appellee
FIRST HAWAIIAN BANK

Presiding Judge

Associate Judge

Associate Judge